IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLIE ELLEN KERN,
                    Plaintiff,
        v.

PHOENIXVILLE HOSPITAL, LLC,
                    Defendant.

CIVIL ACTION NO. 20-5817

## MEMORANDUM OPINION

**Rufe, J.**                                                               **July 15, 2022**

Plaintiff Leslie Ellen Kern filed suit against her former employer, asserting

discrimination claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation

Act, the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act

("PHRA").[1] Plaintiff seeks leave to file a Second Amended Complaint to add Tower Health

("TH"), the alleged parent company of Defendant Phoenixville Hospital, LLC, as a party, correct

her factual allegations, and incorporate claims against TH. For the reasons stated below,

Plaintiff's motion will be granted.

## I.    BACKGROUND[2]

Plaintiff began working for Defendant in 1998 and most recently held a registered nurse

position.[3] Plaintiff alleges that beginning in January 2018, Plaintiff's coworkers began harassing

and stalking her due to her disabilities, including Meniere's Disease.[4] In May of 2018, Plaintiff

---

[1] Am. Compl. [Doc. No. 7].

[2] At this stage of litigation, the Court takes as true the well-pleaded facts in Plaintiff's complaint.

[3] Am. Compl. [Doc. No. 7] ¶¶ 14, 16.

[4] Am. Compl. [Doc. No. 7] at ¶¶ 19–21.

was approved for intermittent FMLA leave through May of 2019.[5] On September 21, 2018,

Plaintiff applied for continuous FMLA leave.[6] The next day, Defendant placed Plaintiff on

probation for using too much sick leave.[7] Plaintiff contends that she made several attempts to

discuss her return from leave with management but received no response until February 7, 2019,

when Plaintiff learned that her position had been eliminated.[8] Management promised to reach out

once an open position became available but did not.[9] Plaintiff's employment ended in March of

2019.[10]

Plaintiff filed a charge of discrimination against Defendant with the Equal Employment

Opportunity Commission ("EEOC") and received a Right to Sue letter on September 3, 2020.[11]

Plaintiff filed the initial Complaint on November 20, 2020, and she filed the First Amended

Complaint on February 19, 2021.[12] According to Plaintiff, by November of 2021 Defendant had

"only recently provided . . . an insurance policy, the Policies and Procedures and Plaintiff's

employment offer letter [that] reference Tower Health, indicating that the operations of Tower

Health and PH are intertwined."[13] Defendant asserts that it produced the relevant employment

records and policies around July 8, 2021.[14] During the discovery process, Plaintiff alleges that

---

[5] Am. Compl. [Doc. No. 7] at ¶ 28.

[6] Am. Compl. [Doc. No. 7] at ¶ 29.

[7] Am. Compl. [Doc. No. 7] at ¶ 31.

[8] Am. Compl. [Doc. No. 7] at ¶¶ 36–37.

[9] Am. Compl. [Doc. No. 7] at ¶¶ 37, 42.

[10] Am. Compl. [Doc. No. 7] at ¶ 47.

[11] Am. Compl. [Doc. No. 7] at ¶ 6.

[12] Compl. [Doc. No. 1]; Am. Compl. [Doc. No. 7].

[13] Pl.'s Mem. Law Supp. Mot. Am. [Doc. No. 17-1] at 2.

[14] Def.'s Resp. Mot. Am. [Doc. No. 18] at 9.

Defendant misrepresented the fact that TH offered to employ Plaintiff, and further notes that

Plaintiff did not have a copy of her most recent offer letter until Defendant produced it during

discovery.[15] In October of 2021, Plaintiff asserts that Defendant provided a TH insurance policy

that did not reference Defendant or offer supporting documents indicating that the policy covered

Defendant.[16] Around the same time, Plaintiff accessed public records that shed light on

Defendant and TH's business operations.[17] Plaintiff requested Defendant's consent to amend the

complaint, and filed the motion for leave to amend shortly thereafter when counsel were unable

to reach an agreement.[18]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that courts should "freely give leave [to

amend pleadings] when justice so requires."[19] However, courts may "deny this request if it is

apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or

dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the

other party."[20] "[T]he burden is generally on the non-moving party to demonstrate why leave to

amend should not be granted."[21]

---

[15] Pl.'s Mem. Law Supp. Mot. Am. [Doc. No. 17-1] at 2–3.

[16] Pl.'s Reply [Doc. No. 20] at 4–5.

[17] Pl.'s Reply [Doc. No. 20] at 7.

[18] Def.'s Resp. Mot. Am. [Doc. No. 18] at 4–7.

[19] Fed. R. Civ. P. 15(a)(2).

[20] *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citation omitted).

[21] *Rizzo v. PPL Serv. Corp.*, No. 03-5779, 2005 WL 1397217, at *3 (E.D. Pa. June 10, 2005) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

### III.  DISCUSSION

#### A.  Undue Delay and Dilatory Motive

Defendant first argues that the Court should deny Plaintiff's motion on the basis of undue delay.[22] Although "delay alone is an insufficient ground to deny leave to amend," the Third Circuit has recognized that "at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party."[23] If the moving party had prior opportunities to amend, courts must "focus on the movant's reasons for not amending sooner."[24] Additionally, the need for "additional discovery, cost, and preparation [for the non-moving party] to defend against new facts or new theories" may contribute to a finding that amendment would be prejudicial.[25]

Plaintiff moved to add TH as a defendant approximately nine months after filing the Amended Complaint. Defendant contends that Plaintiff received documents relevant to her understanding of Defendant's business structure months before filing the motion.[26] Additionally, Defendant avers that TH "will need to take at least written discovery of such remaining claims against [it,]" which could increase litigation costs for Defendant and shows a dilatory motive.[27] Plaintiff contends that Defendant and TH's relationship was initially obscure, and that Defendant did not respond to Plaintiff's multiple requests for information that would have clarified

---

[22] Def.'s Resp.  Mot. Am. [Doc. No. 18] at 7.

[23] *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (internal quotation marks and citations omitted).

[24] *Id.* (citation omitted).

[25] *Id.* (citations omitted).

[26] Def.'s Resp. Mot. Am. [Doc. No. 18] at 9 ("[Plaintiff] relies upon employment records and employment policy documents that PH produced to her on or about July 8, 2021.").

[27] Def.'s Resp. Mot. Am. [Doc. No. 18] at 11.

Defendant and TH's corporate structure at an earlier date.[28] After learning of new information

that shed light on Defendant and TH's corporate structure,[29] Plaintiff sought leave to amend

within a few months, which was not dilatory under all the circumstances here. Although

Defendant argues that adding TH as a party would increase its litigation costs, it provides no

explanation as to why, or what additional discovery will be needed.[30] Accordingly, Defendant

has failed to demonstrate that Plaintiff unduly delayed amendment or that prejudice would result

if TH were added as a party.

## B. Futility

Defendant next argues that Plaintiff's proposed amendments are futile due to Plaintiff's

failure to exhaust administrative remedies as to TH or to plausibly allege that TH could be liable

for employment discrimination as a joint employer or integrated enterprise.[31] The Court need not

"allow an amendment that fails to state a cause of action" under Rule 12(b)(6).[32]

### 1. Plaintiff Plausibly Alleges that She Exhausted Administrative Remedies

Under the ADA, a plaintiff must exhaust administrative remedies before suing a private

employer.[33] Defendant contends that Plaintiff failed to exhaust administrative remedies with

---

[28] Pl. Reply [Doc. No. 20] at 6–7. Defendant maintains that the request by Plaintiff to "produce all contracts between Phoenixville Hospital, LLC and its successors and/or predecessors and/or parent companies related to the operation of Phoenixville Hospital after October 2017" was irrelevant information. Def.'s Resp. Mot. Am. [Doc. No. 21] at 4.

[29] Pl.'s Reply [Doc. No. 20] at 7.

[30] See Pl. Reply [Doc. No. 20] at 8–9 ("Defendant has not cited any prejudice directly to itself but references prejudice to Tower Health in terms of additional written discovery.").

[31] Def.'s Resp. Mot. Am. [Doc. No. 18] at 12, 14–15.

[32] *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) (citation omitted); *Deardorff v. Cellular Sales of Knoxville, Inc.*, No. 19-2642, 2022 WL 309292, at *14 (E.D. Pa. Feb. 1, 2022) (quoting *Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008)).

[33] *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (citation omitted). Because the Rehabilitation Act and the FMLA do not have exhaustion requirements, the Court only addresses the exhaustion requirement for Plaintiff's ADA and PHRA claims. *See Freed v. Consol. Rail Corp.*, 201 F.3d 188, 192 (3d Cir. 2000); *MacVaugh v. Cnty. of Montgomery*, 301 F.Supp.3d 458, 463 n.26 (E.D. Pa. 2018).

respect to TH, thereby rendering Plaintiff's proposed amendment futile.[34] Plaintiff argues that the

relationship between TH and Defendant is such that she exhausted administrative remedies

against TH by filing an EEOC charge against Defendant.[35]

The determination of whether a plaintiff has exhausted administrative remedies by filing

an EEOC charge is not jurisdictional.[36] Although the Third Circuit "has not addressed parent-

subsidiary liability in the ADA context," it "generally supports the borrowing of standards from

one employment discrimination statute to another."[37] Courts generally recognize an "identity of

interest" exception to the named-party requirement for EEOC charges. In the context of a Title

VII action, the Third Circuit has held that a plaintiff may bring a case against a party that was not

named in its EEOC charge if "the unnamed party received notice and when there is a shared

commonality of interest with the named party."[38] Factors that courts consider when making this

determination include:

> 1) whether the role of the unnamed party could through reasonable effort by the
> complainant be ascertained at the time of the filing of the EEOC complaint; 2)
> whether, under the circumstances, the interests of a named [party] are so similar
> [to] the unnamed party's that for the purpose of obtaining voluntary conciliation
> and compliance it would be unnecessary to include the unnamed party in the
> EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted
> in actual prejudice to the interests of the unnamed party; [and] 4) whether the

---

[34] Def.'s Resp. Mot. Am. [Doc. No. 18] at 12–15.

[35] Pl.'s Reply [Doc. No. 20] at 9. Defendant also notes that the PHRA has an administrative exhaustion requirement. Def.'s Resp. Mot. Am. [Doc. No. 18] at 13. Plaintiff contends that "Plaintiff's charge against PH satisfied the requirement for exhaustion for the ADA and PHRA claims." Pl.'s Reply [Doc. No. 20] at 9. For the purposes of evaluating Plaintiff's motion, the Court analyzes PHRA exhaustion under the same framework as Plaintiff's ADA claims. *See Lowenstein v. Cath. Health E.,* 820 F.Supp.2d 639, 645–46 (E.D. Pa. 2011).

[36] The Third Circuit has held "that timely exhaustion of administrative remedies should be construed as a statute of limitations and not as a jurisdictional prerequisite." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (quoting *Rennie v. Garrett III,* 896 F.2d 1057, 1062 (7th Cir. 1990) (internal quotation marks omitted)).

[37] *D'Ambrosia v. Pa. Chamber of Bus. & Indus.*, No. 06-2182, 2008 WL 4491945, at *2 (M.D. Pa. Sept. 30, 2008) (citing *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157 (3d Cir. 1995)).

[38] *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*, 903 F.2d 243, 252 (3d Cir. 1990) *(*citation omitted).

unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.[39]

These factors favor allowing Plaintiff to assert claims against TH. If TH may be held liable for Defendant's discriminatory conduct, these entities would share a common interest in defending against Plaintiff's allegations.[40] Plaintiff's representation that Defendant and TH routinely share legal counsel also supports her claim that they have a commonality of interest.[41] Further, Plaintiff represents that she mistakenly believed that Defendant and TH were the same, and that Defendant reinforced her incorrect impression through its discovery responses.[42] Plaintiff also alleges that her "employment offer letter was signed by [TH]" on behalf of Defendant, and that TH issued certain employment policies that were enacted by Defendant— both signs that TH intended its relationship with Plaintiff to be conducted in part through Defendant.[43] Finally, there is no indication that the omission of TH from the EEOC charge has resulted in actual prejudice. Accordingly, administrative exhaustion does not present a barrier to Plaintiff asserting a claim against TH in this case.

2. *Plaintiff Has Plausibly Alleged that TH and Defendant Constitute an Integrated Enterprise*

Defendant next argues that Plaintiff's ADA, PHRA and FMLA claims require Plaintiff to sue her employer, as opposed to the parent company of her employer.[44] Defendant further argues that Plaintiff's proposed Second Amended Complaint does not support a theory of either joint

---

[39] *Lowenstein,* 820 F.Supp.2d at 646 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)).

[40] *See id.*

[41] Pl.'s Reply [Doc. No. 20] at 8.

[42] *See* Pl. Reply [Doc. No. 20] at 3–4, 6–8.

[43] Pl.'s Reply [Doc. No. 20] at 11.

[44] Def.'s Resp. Mot. Am. [Doc. No. 18] at 15–16.

employer or integrated enterprise liability as to TH.[45] Plaintiff contends that she has sufficiently

alleged either that TH and Defendant are an integrated enterprise or that TH was her joint

employer.[46]

"It is well settled that 'a parent corporation, like any stockholder, is not normally liable

for the wrongful acts . . . of a subsidiary even if or simply because the parent wholly owns the

subsidiary."[47] However, corporations that form an "integrated enterprise" can be held liable for

discrimination as a single entity.[48] When assessing whether corporations constitute an integrated

enterprise, pertinent "factors include: (1) the unity of ownership, management, and business

functions; (2) whether the entities present themselves as a single entity to third parties;

(3) whether the parent company indemnifies the expenses or losses of its subsidiary; and (4)

whether one entity does business exclusively with the other."[49]

In the proposed Second Amended Complaint, Plaintiff alleges that "Phoenixville Hospital

is a wholly owned subsidiary of TH" and that TH owns or operates Defendant.[50] Although that is

insufficient to show that TH can be held liable for Defendant's actions as Defendant's parent

company, Plaintiff also alleges some facts indicating that TH exercised control over her

---

[45] Def.'s Resp. Mot. Am. [Doc. No. 18] at 20; Def.'s Sur-Reply Mot. Am. [Doc. No. 21] at 6.

[46] Pl. Reply [Doc. No. 20] at 9, 11–12.

[47] *Lowenstein*, 820 F.Supp.2d at 643–44 (quoting *Jean Anderson Hierarchy of Agents v. Allstate Life Ins. Co.*, 2 F.Supp.2d 688, 691 (E.D.Pa. 1998)).

[48] *DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 430 (E.D. Pa. 2007). Although the Third Circuit "has not definitively decided what test to apply to determine the liability of a parent corporation in the context of employment discrimination suits," the integrated enterprise test has been widely adopted in the Eastern District of Pennsylvania and by other circuit courts. *Id.*

[49] *Nunez, MD v. Temple Pro. Assocs.*, No. 03-6226, 2005 WL 435238, at *3 (E.D. Pa. 2005) (citing *Gorman v. Imperial Metal & Chemical Co.*, No. 97-4764, 1999 WL 124463, *3 (E.D.Pa. 1999)).

[50] Pl.'s Mot. Am. Ex. A [Doc. No. 17-2] at ¶¶ 11–12.

employment.[51] Due to the fact-intensive nature of the integrated enterprise test, "courts [that] have addressed the liability of a parent corporation in the context of employment discrimination . . . have [typically] declined to dismiss the corporate parent at the Rule 12(b)(6) stage."[52] Accordingly, Defendant has not established that amendment would be futile.

   3.   *Relation Back to the Initial Complaint*

Finally, Defendant argues that Plaintiff's proposed Second Amended Complaint would not relate back to her initial Complaint.[53] When seeking leave to amend, a plaintiff must show that an amendment relates back to the original complaint by "assert[ing] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[54] Plaintiff's proposed Second Amended Complaint concerns the same subject matter as the initial Complaint as well as the First Amended Complaint, and therefore satisfies Rule 15(c)(1)(B).

The Court must also look to whether Plaintiff has satisfied the notice requirement under Rule 15(c)(1)(C). "When an amendment adds a new defendant, 'the focus of the Court is on whether the proposed new defendant had actual, constructive or imputed notice of the action' within 120 days of when the complaint was filed."[55] If more than 120 days have passed, "notice may be imputed . . . 'when the original and added parties are so closely related in business or

---

[51] Pl.'s Mot. Am. Ex. A [Doc. No. 17-2] at ¶¶ 11–12.

[52] *DeLa Cruz*, 521 F.Supp.2d at 430 (denying dismissal of a plaintiff's employment discrimination claims against a parent company where the facts supporting integrated enterprise liability were sparse). "[T]he overall weight of the case law favors giving [Plaintiff] the opportunity to conduct discovery before determining whether [TH] exercised insufficient control to hold [TH] liable for the acts of its subsidiary, [Defendant]." *Id.* at 431.

[53] Def.'s Resp. Mot. Am. [Doc. No. 18] at 14.

[54] Fed. R. Civ. P. 15(c)(1)(B).

[55] *Gonzalez-Marcano v. US Airways Grp., Inc.*, No. 13-3714, 2014 WL 413932, at *5 (E.D. Pa. 2014) (citation omitted) (finding notice requirement was met where the new party was the parent company of the original defendant).

other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'"[56] Additionally, the new party must have known "or should have known all along that joinder was a distinct possibility" and that "but for a mistake made by the plaintiff concerning the newly named party's identity" it was not added.[57] Notice is required such that the party to be added "will not be prejudiced in defending on the merits."[58] Further, "[c]ourts have generally held that [the mistake condition] is satisfied when the original party and added party have a close identity of interests."[59]

Here, TH acquired Defendant in 2017 and allegedly manages Defendant's operations. Given Plaintiff's allegations about the intertwined relationship between Defendant and TH, it is likely that TH had imputed or constructive notice of Plaintiff's complaint upon service of this action, and Defendant does not argue otherwise. Plaintiff represents that she did not realize that she should name TH as a defendant until she received information that illuminated Defendant and TH's corporate structure during discovery. As TH should have known that Plaintiff might seek to add it as a defendant in this case due to the entities' overlapping interests, TH's delayed addition as a party is not prejudicial. Therefore, the proposed amendment relates back to the original complaint under Rule 15(c).[60]

---

[56] *Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.*, 801 F. Supp. 1450, 1456 (E.D. Pa. 1992) (citation omitted).

[57] *Gonzalez-Marcano*, 2014 WL 413932, at *6.

[58] Fed. R. Civ. P. 15(c)(1)(C)(i).

[59] *Advanced Power Sys., Inc.*, 801 F. Supp. at 1457 (citation omitted).

[60] Plaintiff's FMLA claim against the newly added defendant also "relates back" to the timely filed initial complaint and may therefore proceed. *See, e.g., Lambert v. New York State Off. of Mental Health*, No. 97-1347, 2000 WL 863461, at *2 (E.D.N.Y. June 9, 2000).

**IV.   CONCLUSION**

Defendant has failed to demonstrate that undue delay, bad faith, dilatory motives, futility, or prejudice should bar Plaintiff from amending her First Amended Complaint. Moreover, Plaintiff's proposed amendments relate back to Plaintiff's initial Complaint. Accordingly, leave to amend is granted. An order follows.